UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-6008 RSM <br><br> **ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred at step two by declining to find fibromyalgia and intervertebral disc disease with myelopathy "severe" impairments, and in evaluating the medical opinion of Dr. Bolnick. Dkt. 13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 37 years old, has a high school education, and has worked as a fast-food assistant manager and a medical receptionist. Admin. Record (AR) 22, 27. On April 17, 2019, Plaintiff applied for benefits, alleging disability as of May 28, 2014, with a date last insured of December 31, 2019. AR 16, 94, 105–06. Plaintiff later amended her alleged onset date to August 16, 2019, therefore the relevant period is August 16, 2019, through December 31, 2019.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

AR 15, 50.  Plaintiff's application was denied initially and on reconsideration.  AR 103, 116.  After the Administrative Law Judge (ALJ) conducted a hearing on October 26, 2021, the ALJ issued a decision finding Plaintiff not disabled.  AR 12–33, 46–69.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.   Step Two**

Plaintiff contends the ALJ erred by declining to find fibromyalgia and intervertebral disc disease with myelopathy "severe" impairments.  Dkt. 13 at 2–4, 5–6.

At step two, the ALJ must determine if the claimant has a medically determinable impairment or combination of impairments that are severe, such that they would significantly limit the claimant's ability to perform basic work activities.  *See Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 404.1521.  Social Security Ruling (SSR) 12-2p "designates two separate sets of diagnostic criteria that can establish fibromyalgia as a medically determinable impairment," published by the American College of Rheumatology in 1990 and in 2010.  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1005 (9th Cir. 2015).  Under the 1990 criteria, fibromyalgia may be a medically determinable impairment if the claimant has (1) a history of widespread pain; (2) at least 11 tender points on physical

examination; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p, at *2–3. Under the 2010 criteria, fibromyalgia may be a medically determinable impairment if the claimant has (1) a history of widespread pain; (2) "[r]epeated manifestations" of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at *3.

Here, the ALJ explained fibromyalgia was not a medically determinable impairment because it was only mentioned by history and other impairments were not ruled out as possible causes for Plaintiff's widespread pain. AR 18. The ALJ also noted Plaintiff often denied fatigue during the relevant period. AR 19. Plaintiff argues the primary symptom of fibromyalgia is pain, and there are multiple instances of Plaintiff's fatigue complaints, contrary to the ALJ's finding. Dkt. 13 at 6. The Court notes Plaintiff's record also includes references to her depression, but these symptoms altogether amount to less than the "six or more fibromyalgia symptoms, signs, or occurring conditions" required under the 2010 criteria. *See* SSR 12-2p at *3. The ALJ also noted Plaintiff's record contained no evidence of widespread 11 tender points on physical examination, and Plaintiff has not shown otherwise. *See Bowen v. Yuckert*, 482 U.S. 137, 138 (1987) (claimant has burden of showing he or she has a medically determinable impairment); AR 18. Therefore, the ALJ's assessment that Plaintiff did not meet the criteria for fibromyalgia is supported by substantial evidence.

Plaintiff argues there was an explicit diagnosis of Plaintiff's fibromyalgia, but this argument is not convincing. Dkt. 13 at 6. First, the records Plaintiff point to fall almost a year

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

after her date last insured of December 31, 2019. *See* AR 717 (October 2021 treatment note listing fibromyalgia as one of Plaintiff's diagnoses), 720 (same), 480, 486. While medical reports should not be disregarded solely on the fact that they were rendered after the relevant period, *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), the evidence Plaintiff proffers to is weakened by other treatment notes in the record, specifically Plaintiff's treatment note from November 2021 stating Plaintiff's chronic widespread pain "*may* be a manifestation of fibromyalgia." *See* AR 706 (emphasis added). "[W]hen the evidence is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. Given that Plaintiff's medical record does not show she met either fibromyalgia criteria during the relevant period, and the evidence Plaintiff provides falls after her date last insured and is contradicted by other treatment notes in the record, the Court finds the ALJ reasonably found fibromyalgia was not a medically determinable impairment. As the ALJ must first find if an impairment is medically determinable before determining its severity, the Court also finds the ALJ did not err in declining to find fibromyalgia a "severe" impairment at step two. *See* 20 C.F.R. § 404.1521.

Plaintiff also contends the ALJ erred in rejecting the diagnosis of intervertebral disc disease with myelopathy, but Plaintiff's argument is unconvincing here as well, as Plaintiff herself acknowledges her argument is based on medical records after her date last insured of December 31, 2019. Dkt. 13 at 5. Further, an ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). A claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe

impairment when considering the claimant's RFC.  *See Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (citing *Molina*, 674 F.3d at 1115).  "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  SSR 96-8p.  Here, at the RFC stage, the ALJ considered Plaintiff's statements and medical evidence relating to her degenerative disc disease, and found they did not support a finding rising to the level of disability.  AR 23–26.  Plaintiff makes no argument as to exactly what functional limitations relating to intervertebral disc disease with myelopathy specifically the ALJ failed to incorporate into his decision.  *See Bowen*, 482 U.S. at 138 (claimant has burden of showing he or she has a medically determinable impairment).  The Court, therefore, rejects Plaintiff's argument and concludes that even if the ALJ had erred at step two with regards to her degenerative disc disease, the error would be harmless.

**2.     Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the medical opinion of Dr. Bolnick.  Dkt. 13 at 4–5.

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency."  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources.  *See id*.; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods*, 32 F.4th at 792.

Dr. Bolnick, one of Plaintiff's treating physicians, completed a questionnaire prepared by

Plaintiff's counsel in October 2021.  AR 699–701.  Dr. Bolnick opined Plaintiff is able to stand/walk for less than an hour, sit upright for less than about two hours, and that Plaintiff needs to recline for two to four hours during an eight-hour workday.  AR 699–700.  Dr. Bolnick also opined severe upper extremity limitations based on Plaintiff's fibromyalgia.  AR 700.  Dr. Bolnick further opined that based on Plaintiff's condition, she would miss three or more days per month on a more probable than not basis.  AR 701.

   Plaintiff argues the ALJ's evaluation of Dr. Bolnick's opinion is erroneous because the ALJ had assumed Plaintiff did not have fibromyalgia during the relevant period. Dkt. 13 at 4–5.  But as explained above, the ALJ's finding that fibromyalgia was not a medically determinable impairment during the relevant period is supported by substantial evidence.  The ALJ also permissibly found Dr. Bolnick's opinion inconsistent with medical evidence.  AR 26.  The records the ALJ relies on show Plaintiff continuously reported feeling fine from medication, and she felt no fatigue.  AR 399–400.  Plaintiff's record during the relevant period also includes physical examinations showing no pain with her range of motion, with her muscle strength and tone, as well as her gait and station, within normal limits.  AR 387, 508, 561, 574, 598.  As the ALJ's finding of inconsistency between Dr. Bolnick's opinion and Plaintiff's record is supported by substantial evidence, the Court finds no error with the ALJ's evaluation.  Further, because the ALJ provided at least one valid reason, supported by substantial evidence to reject Dr. Bolnick's opinion, the Court need not assess the other reasons offered by the ALJ.  Even if those reasons were erroneous, such errors would be deemed harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE